# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

            Plaintiff,

    v.                                 Case No. 16-CR-159-WED-PP

CHARLES N. EDWARDS,

            Defendant.

## REPORT AND RECOMMENDATION

### Background

On August 30, 2016, Milwaukee Police Officer Jonathon Newport submitted a three-page affidavit in support of a search warrant to search the residence at 3284 N. Sherman Boulevard #2, Milwaukee, Wisconsin, where defendant Charles Edwards allegedly resided. (*See* ECF No. 21-1.) Newport's affidavit served as the sole basis for requesting the warrant. Edwards moves "to suppress all evidence recovered as a result of the unlawful search of Edwards's home by law enforcement on August 30, 2016" on the ground that Newport's affidavit failed to set forth probable cause to search the residence. The matter having been fully briefed (ECF Nos. 21, 22, 24, 26) is now ready for resolution.

## Affidavit

Newport's affidavit began by recounting his training and experience. He has been a law enforcement officer for the Milwaukee Police Department's North Investigation Division for the past four years. (ECF No. 21-1, ¶ 1-2.) His experience includes investigations involving various firearm offenses as well as investigations involving the possession, use, and trafficking of controlled substances and weapons. (*Id.*, ¶ 3.)

The affidavit states that on August 29, 2016, Milwaukee Police Officer James Klusmann[1] responded to a fight at Sherman Park, located at 3050 N. Sherman Boulevard, Milwaukee. (*Id.*, ¶ 5.) Upon arrival, Klusmann observed Edwards fall from his powered wheelchair. (*Id.*) Klusmann went to help Edwards and, when doing so, observed a loaded, silver .22 caliber handgun on the ground near Edwards. (*Id.*) When Klusmann asked Edwards if the gun was his, Edwards said it was and that he had a permit that allowed him to carry a concealed weapon. (*Id.*) Klusmann also observed Edwards with a clear plastic bag containing "numerous corner cut bags of an off-white chunky substance" that he suspected to be cocaine. (*Id.*) Later testing showed the bag contained a total of 1.85 grams of cocaine, which Newport's affidavit stated was consistent with an amount for street-level distribution. (*Id.*) Newport also stated that "a check through NCIC" revealed that Edwards was a convicted felon. (*Id.*, ¶ 6.)

---

[1] Without explanation, the government's brief identifies the officer as "Daniel Drewek."

Paragraph seven of Newport's affidavit contains the entire basis for the conclusion that Edwards resided at 3284 N. Sherman Boulevard #2: "That affiant states that Special Agent Tim Rorabeck went into 3284 North Sherman Boulevard and verified that Charles Edwards is residing in 3284 North Sherman Boulevard #2." (*Id.*, ¶ 7.) Paragraph eight provides details of the physical description of the building. (*Id.*, ¶ 8.)

The remainder of Newport's affidavit states that, based on his training and experience, he knows that firearms may be hidden in any part of a residence, that other indicia of firearm ownership is often found and seized during the execution of a firearm search warrant, that people often keep firearms for long periods of time, and that evidence of firearm possession is often found on suspects' cell phones. (*Id.*, ¶¶ 9-11.) For all of these reasons, Newport stated that he believed his affidavit established probable cause that evidence for the crimes of Possession of a Firearm by a Felon and Possession with the Intent to Deliver-Cocaine, in violation of Section 941.29(1m)(a) and 961.41(1m)(cm) of the Wisconsin Statutes, existed at 3284 N. Sherman Boulevard #2. (*Id.*, ¶ 13.)

On August 30, 2016, a search warrant was issued authorizing the search of 3284 N. Sherman Boulevard #2, and "all storage areas and vehicles associated with and accessible [to] 3284 North Sherman Boulevard #2 and all persons present on premises, certain goods, chattels and property[.]" (ECF No. 21-1 at 1.) The objects of the search included firearms and firearm paraphernalia; items associated with firearms (such as cleaning kits or photos); documents, cell phones, and other records relating to the

3

purchase and/or possession of firearms; and drug paraphernalia related to the sale of controlled substances. (*Id*.)

Law enforcement executed the search the same day the warrant was issued, recovering "ammunition, marijuana, various documents, and other items." (ECF No. 21 at 2.) The following day, on August 31, 2016, Edwards was charged by criminal complaint with unlawfully possessing a firearm under 18 U.S.C. § 922(g)(1). (ECF No. 1.) On January 18, 2017, the grand jury returned a three-count superseding indictment charging Edwards with (1) unlawfully possessing a firearm, (2) possessing with intent to deliver cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and (3) possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF No. 16.)

## Analysis

Edwards contends that Newport's affidavit failed to establish probable cause (1) that the target residence was his, and (2) that a nexus existed between the criminal conduct alleged and the place where items were supposed to be found—that is, the target residence. (ECF No. 21 at 3.) And, he argues, because the affidavit was so facially deficient, the officers could not have relied on it in good faith. (ECF No. 26 at 11-12.)

The government responds that the affidavit, when viewed in its totality, established probable cause to search Edwards's residence. With regard to establishing that 3284 N. Sherman Boulevard #2 was Edwards's residence, the government contends that, from Newport's affidavit stating that Agent Rorabeck had verified that Edwards

4

resided there, the issuing judge could reasonably conclude that Rorabeck's verification consisted of him actually going to the apartment and confirming that Edwards resided there. The government's brief states that Newport's affidavit could have included the fact that Agent Rorabeck observed and spoke to Edwards inside of apartment #2 and also verified his residence through resident documents and through speaking with the property manager. (ECF No. 22 at 9.)

As for the nexus between the crimes suspected and the evidence seized, the government argues that, based on Newport's training and experience, the cocaine found on Edwards was "in quantities and packaging consistent with drug trafficking." (ECF No. 22 at 7.) And "common experience suggests that drug dealers must mix and measure the merchandise as Edwards did, from a convenient and secure location, which is likely the drug dealer's residence." (ECF No. 22 at 8.)

As for the firearm, the government argues that Edwards was a felon in possession of a firearm and an armed drug dealer. Coupled with the fact that Klusmann's encounter with Edwards occurred only a half mile from the target residence and that the search of the residence took place the following day, the government contends that the issuing judge appropriately drew an inference that evidence of drug trafficking and firearm possession would be found in Edwards's residence. (ECF No. 22 at 8.)

**Applicable Law**

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "'The essential protection of the warrant requirement of the Fourth Amendment lies in the requirement that the usual inferences that reasonable people draw from evidence be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive process of ferreting out crime.'" *United States v. Glover*, 755 F.3d 811, 815-16 (7th Cir. 2014) (quoting *Illinois v. Gates*, 462 U.S. 213, 240 (1983) (internal citations omitted)).

In determining whether to suppress evidence obtained from an allegedly defective search warrant, a reviewing court employs a two-step process. *See United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002); *see also United States v. Toniolo*, No. 12-CR-204, 2013 WL 494161, at *5 (E.D. Wis. Jan. 14, 2013). First, the court reviews the probable cause determination, which "is given great deference on review, and the Fourth Amendment requires no more than a substantial basis for concluding that a search would uncover evidence of a crime." *Glover*, 755 F.3d at 816 (citing *Gates*, 462 U.S. at 236). If the court concludes that no substantial basis existed for probable cause, it must ask – at step two—whether the warrant can be saved by the good faith exception to the exclusionary rule. *United States v. Leon*, 468 U.S. 897, 920-24 (1984).

"When, as here, the affidavit is the only evidence presented to the warrant-issuing magistrate, 'the warrant must stand or fall solely on the contents of the affidavit.'" *Koerth*, 312 F.3d at 866 (quoting *United States v. Roth*, 391 F.2d 507, 509 (7th Cir. 1967)). While the affiant need not state every detail of the suspected crime, conclusory statements are insufficient. *See United States v. Reddrick*, 90 F.3d 1276, 1280 (7th Cir. 1996). More globally,

> the task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. at 238.

"Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." *United States v. Peck*, 317 F.3d 754, 756 (7th Cir. 2003). Only when an affidavit "fails to allege specific facts and circumstances to allow the judge to reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated[]" should the judge's decision be overruled. *Koerth*, 312 F.3d at 866-67.

"If a defendant is successful in establishing the invalidity of the search warrant, the burden then shifts to the Government to establish that the police relied in good faith on the judge's decision to accept the affidavit and issue the warrant." *Koerth*, 312 F.3d at 868 (citing *Leon*, 468 U.S. at 924). "An officer's decision to obtain a warrant is *prima facie*

7

evidence that he or she was acting in good faith." *Id*. (citing *Leon*, 468 U.S. at 921, n. 21). To rebut this *prima facie* case the defendant must present evidence establishing: "(1) that the issuing judge abandoned the detached and neutral judicial role; (2) that the officer was dishonest or reckless in preparing the affidavit; or (3) that the warrant was so lacking in probable cause that the officer could not reasonably rely on the judge's issuance of it." *United States v. Jones*, 763 F.3d 777, 796 (7th Cir. 2014) (quoting *United States v. Miller*, 673 F.3d 688, 693 (7th Cir. 2012)).

> The court will admit the evidence unless
>
> (1) courts have clearly held that a materially similar affidavit previously failed to establish probable cause under facts that were indistinguishable from those presented in the case at hand; or (2) the affidavit is so plainly deficient that any reasonably well-trained officer "would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant."

*Koerth*, 312 F.3d at 869 (quoting *Malley v. Briggs*, 475 U.S. 335, 345 (1986)). An affidavit need not be airtight or flawless; the presumption of good faith is strong enough to hold so long as there is "some indicia" to support a finding of probable cause. *Koerth*, 312 F.3d at 870.

**Probable Cause Connecting the Suspected Crimes with the Target Residence**

Edwards initially argues that Newport's affidavit did not provide the issuing judge with probable cause to conclude that he was involved in dealing drugs. Although thin in other areas, the affidavit did articulate sufficient facts so as to allow the judge to reasonably conclude that Edwards was involved in selling drugs. It stated that Officer

Klusmann observed Edwards in possession of a clear plastic sandwich bag that contained numerous corner cut bags of an off-white chunky substance suspected to be cocaine and which later tested positive for cocaine. He was also a convicted felon in possession of a firearm. Those facts provided the issuing judge with probable cause for concluding that Edwards was involved in selling drugs.

As for Edwards's argument that the affidavit provided no nexus between the criminal conduct alleged and Edwards' residence, "[w]arrants may be issued even in the absence of direct evidence linking criminal objects to a particular site." *United States v. Orozco*, 576 F.3d 745, 749 (7th Cir. 2009). A judge issuing a warrant "is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Jones*, 763 F.3d 777, 795 (7th Cir. 2014) (quoting *United States v. Lamon*, 930 F.2d 1183, 1188 (7th Cir. 1991)). And as has often been recognized, "*in the case of drug dealers, evidence is likely to be found where the dealers live." United States v. Sewell*, 780 F.3d 839, 846 (7th Cir. 2015) (quoting *United States v. Kelly*, 772 F.3d 1072, 1080 (7th Cir. 2014) (emphasis in original); *see also Jones*, 763 F.3d 777, 795 (7th Cir. 2014) (quoting *Lamon*, 930 F.2d 1183, 1188 (7th Cir. 1991)). Thus, if the affidavit contained a substantial basis for concluding that Edwards lived at 3284 N. Sherman Boulevard #2, the warrant was supported by probable cause.

**Probable Cause Connecting Edwards to 3284 N. Sherman Boulevard, #2**

The only facts in Newport's affidavit connecting Edwards with the target residence is Newport's statement that Agent Rorabeck had verified that Edwards

9

resided there. However, the affidavit does not explain *how* Agent Rorabeck verified that Edwards resided there—the government first offers such facts in its brief opposing Edwards's motion to suppress. But those facts were not disclosed to the issuing judge. All the issuing judge had in front of him was Newport's assertion that a special agent had verified – somehow – that Edwards resided at the subject residence.

In *United States v. Roach*, 582 F.3d 1192 (10th Cir. 2009), the United States Court of Appeals for the Tenth Circuit found that an affidavit which listed fifteen different methods by which officers may have verified the suspect's residence without revealing which method was *in fact used* did not meet the probable cause requirement:

> A magistrate, therefore, would be wholly unable to determine independently whether the method employed to verify [defendant]'s residency succeeded in doing so. That proves fatal to a probable cause determination. There is simply not enough evidence on the face of the affidavit for a magistrate to conclude reasonably that the requisite nexus between [defendant] and [the target residence] was present.

*Roach*, 582 F.3d at 1203.

A similar issue presents itself here. Other than stating that Agent Rorabeck somehow verified that Edwards resided at the subject address, Newport's affidavit provides no additional evidence establishing that Edwards resided there. Although Newport could have included in his affidavit the facts that the government's brief sets forth, articulating how it was that Rorabeck verified that Edwards resided at the subject address, he did not. "It has long been established that a warrant must be supported by *facts* demonstrating probable cause, not by police summaries of what they have

10

concluded from such facts." *Roach*, 582 F.3d at 1203 (citing *Gates*, 462 U.S. 213, 239 (holding that a "mere conclusory statement" cannot support probable cause) (emphasis in original)). In sum, Newport's affidavit did not contain a substantial basis upon which the issuing judge could find probable cause to believe that Edwards resided at 3284 N. Sherman Boulevard, #2.

**Good Faith**

But for the court to suppress evidence, the warrant must have been so lacking in probable cause that officers could not reasonably rely on the judge's issuance of it.

Newport's affidavit says more than just "Edwards resided at 3284 N. Sherman Boulevard #2." It says that Agent Rorabeck had verified that Edwards resided there, even though Newport admittedly did not say how Rorabeck verified that. But Newport *did* provide the name of an agent who had conducted *some* investigation into Edwards's connection to the residence. It is not unreasonable for an officer to believe that his affidavit is sufficient when he states that information has been verified by another officer, without articulating how the information was verified. *See Roach*, 582 F.3d at 1204 (finding that affidavit listing possible verification methods provided met the good faith standard of a 'minimal nexus' connecting defendant to the address, thus upholding denial of suppression under *Leon*.).

For that reason, and because Edwards has not provided any cases where a materially similar affidavit was found to fail the probable cause standard under facts indistinguishable from those here, the court finds that the officers did not act in bad

11

faith by relying on the warrant. Edwards's motion to suppress should therefore be denied.

**IT IS THEREFORE RECOMMENDED** that Edwards's Motion to Suppress Evidence (ECF No. 21) be **denied.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 4th day of April, 2017.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge