UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

United States of America,

    Plaintiff,

v.                               Case No. 16-CR-159

Charles N. Edwards,

    Defendant.
_____

**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Pursuant to Federal Rule of Criminal Procedure 59(b)(2) and General Local Rule 72(c)(1), defendant, Charles Edwards, objects to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 27) filed April 4, 2017. Edwards objects to the Magistrate's Judge's recommendation denying Edwards's Motion to Suppress Evidence. Specifically, Edwards objects to the Magistrate Judge's finding that the good faith exception applies in this case. Accordingly, the court should decline to adopt the R&R. Instead, the court should grant Edwards's Motion to Suppress.

## ARGUMENT

**I.    The Court should decline to adopt the Magistrate Judge's finding that Agent Rorabeck conducted some investigation to verify Edwards's connection to the residence searched.**

The Magistrate Judge found that the search warrant in this case lacked probable

cause because Officer Newport's affidavit did not contain a substantial basis upon which the issuing judge could find probable cause to believe that Edwards resided at 3284 North Sherman Boulevard, #2, the place searched. (R&R 11.) The Magistrate Judge's findings were based on the fact that Newport's affidavit merely stated that a different agent verified that Edwards resided there. Id. at 9-10. The affidavit did not provide any information as to how the agent verified that Edwards resided at the target residence. Id. at 10.

The Magistrate Judge noted that a "mere conclusory statement" cannot support probable cause. (R&R 11). United States v. Roach, 582 F.3d 1192 (10th Cir. 2009) citing Illinois v. Gates, 462 U.S. 213, 239 (1983). Nevertheless, the Magistrate Judge found that the officers did not act in bad faith and therefore the good faith exception to the exclusionary rule as set forth in United States v. Leon, 468 U.S. 897 (1984), should apply to save the fruits of the search. (R&R 11).

The Magistrate Judge's finding that the officers did not act in bad faith was premised on his conclusion that Agent Rorabeck conducted some investigation in order to verify that Edwards resided at the target residence. The R&R states as follows:

> "Newport's affidavit says more than just 'Edwards resided at 3284 North Sherman Boulevard #2.' It says that Agent Rorabeck had verified that Edwards resided there, even though Newport admittedly did not say how Rorabeck verified that. But Newport did provide the name of an agent who had conducted some investigation into Edwards's connection to the residence. It is not unreasonable for an officer to believe that his affidavit is sufficient when he states that information has been verified

2

by another officer, without articulating how the information was verified." (R&R 11)(Italics in Original).

Edwards objects to the Magistrate Judge's finding that Agent Rorabeck conducted "some investigation" to connect Edwards to the residence. We do not know that to be the case. Newport's affidavit simply states that "Special Agent Rorabeck went into 3284 North Sherman Boulevard and verified that Charles Edwards is residing in 3284 North Sherman Boulevard #2." (Newport Aff. ¶7.)

The conclusion that Agent Rorabeck conducted some investigation is speculative. There are no specific facts in the affidavit to support such an inference. While it may not be unreasonable to draw such an inference under different circumstances, given the total lack of information connecting Edwards to the target residence in this case – which the Magistrate Judge determined to be fatal to probable cause, such a finding is improper absent specific facts to support that indeed some investigation was conducted. This is particularly the case when, as here, the Magistrate Judge applied the good faith exception to save the fruits of the search based on that finding. The officers should not be given the benefit of the doubt.

One can speculate as to how the agent might have investigated Edwards's connection to the residence. However, we do not even know whether Newport, the affiant, knew what investigation, if any, Agent Rorabeck might have conducted to "verify" Edwards's connection to the residence. For these reasons, Edwards objects to the finding that the agent conducted some investigation to verify that Edwards

3

resided at the target residence.

> II. **The Court should decline to adopt the Magistrate Judge's finding that the Good Faith Exception Should Apply in this Case to Save the Fruits of the Search.**

The Magistrate Judge found that the officers did not act in bad faith because it was not unreasonable for Newport to believe his affidavit was sufficient when it contained information that Agent Rorabeck verified Edwards's connection to the residence. (R&R 11). In support of this finding, the Magistrate Judge cited to United States v. Roach, 582 F.3d 1204. (Finding that affidavit listing possible verification methods provided met the good faith standard of a 'minimal nexus' connecting defendant to the address, thus upholding denial of suppression under Leon.)

However, an examination of the Roach case reveals that the affidavit at issue in that case contained specific facts regarding specific investigatory methods used to connect the defendant and others to various addresses. Id. at 1204. In the Roach case, the affidavit identified fifteen different residences and included a list of various investigatory methods used to connect various individuals with those residences including "checking for utilities information, driver's license records, real estate records, Wichita Police Department records, tax records, social security records, U.S. Postal Service records, interviews and/or surveillance." Id. at 1202.

Thus, the affidavit in Roach articulated various investigatory methods actually utilized to connect the defendant and others to various residences. The only question left unanswered in the affidavit in Roach was which investigatory method was used to

4

connect which individual to which residence. Id. at 1203.

In the case at hand, Officer Newport's affidavit does not even contain hypothetical methods that Agent Rorabeck may have utilized to "verify" Edwards's connection to the residence. Indeed, we do not even know whether Newport knows how Rorabeck allegedly verified this information. Newport does not claim to have any personal knowledge of what investigation may have been conducted.

Here, police arrested a disabled man and recovered one revolver and less than two grams of cocaine a half mile away from the residence searched. The only connection between the man and the residence searched is a bare bones statement from Officer Newport, who has no personal knowledge, that another agent somehow "verified" that Edwards lived at the residence searched. This cannot satisfy the good faith standard of a "minimal nexus" as was the case in Roach.

As discussed in Roach, officers are charged with a duty to exercise an independent, professional judgment despite the Magistrate's authorization. Quoting United States v. Gonzales, 399 F.3d 1225 (10th Cir. 2005), the Court in Roach stated as follows:

> "While officers are generally entitled to rely on the Magistrate's judgment, they are also required to exercise their own professional judgment. Indeed, law enforcement officials are presumed to have a reasonable knowledge of the law, and we determine good faith in this context by considering whether a reasonably well trained officer would have known the search was illegal despite the Magistrate's authorization." Id. at 1204.

The court went on to state as follows:

5

> "Under this standard, when the underlying documents are devoid of factual support, an officer cannot be said to have relied on them in good faith. The Government, not the defendant, bears the burden of proving that its agents' reliance upon the warrant was objectively reasonable." Id at 1204. Citing United States v. Cook, 854 F.2d 371, 373 (10th Cir. 1988).

In this case, it cannot be said that, under the circumstances, the officers acted in good faith in relying on a warrant that was "devoid of factual support" connecting Edwards to the target residence. Indeed, the absence of any facts whatsoever connecting Edwards to the residence is telling, particularly when the affiant is not even the one claiming to have conducted the investigation. Here, the Government has not met its burden of proving that the agents' reliance on the affidavit was objectively reasonable.

Courts have refrained from applying the good faith exception to warrants so similarly devoid of factual foundation. See, e.g., United States v. Brown, 828 F.3d 375, 386 (6th Cir. 2016) (good faith exception inapplicable because the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"); United States v. McPhearson, 469 F.3d 518, 526 (6th Cir. 2006) ("the minimal nexus required to support an officer's good faith belief was not present in this case"); United States v. Hove, 848 F.2d 137, 140 (9th Cir. 1988) (any official belief in the existence of probable cause must be considered unreasonable where affidavit fails to state facts sufficient to justify conclusion that evidence or contraband will probably be found at the premises to be searched.)

Moreover, Leon does not extend to allow the consideration of facts not

6

presented to the issuing judge. United States v. Leon, 468 U.S. at 897, 923 (1984). The test for good faith is an objective one and it is based solely on facts presented to the magistrate. Id. A deficient affidavit cannot be cured by the government later supplementing additional facts not contained in the Affidavit.[1] Simply put, Leon cannot save this particular warrant, and its fruits should be suppressed because no reasonable officer could have relied in good faith on it.

## CONCLUSION

Edwards respectfully objects to the Magistrate Judge's finding that the good faith exception saves the fruits of a search warrant which lacked probable cause. Accordingly, the court should decline to adopt the Report and Recommendation. Instead, the court should grant Edwards's Motion to Suppress.

Dated this 19th day of May, 2017

        FOX, O'NEILL & SHANNON, S.C.
        Attorneys for Defendant

        /s/ Jacob A. Manian
By: _____
        Jacob A. Manian
        State Bar No. 1064360

P.O. Address:
622 North Water Street, Suite 500
Milwaukee, WI 53202
Phone (414) 273-3939
Email jamanian@foslaw.com

---

[1] Indeed, such factual supplementation is telling, suggesting that even the government is unsatisfied with the bare contents of Newport's affidavit.