UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Case No. 16-cr-159-pp

CHARLES N. EDWARDS,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 27) AND DENYING DEFENDANT'S MOTION TO SUPPRESS (DKT. NO. 21)**

On January 18, 2017, a grand jury returned a three-count superseding indictment charging defendant Charles N. Edwards with (1) possessing a firearm after having been convicted of a felony; (2) possessing crack cocaine with intent to distribute; and (3) possessing a firearm in furtherance of a drug trafficking offense. Dkt. No. 16. The defendant filed a motion to suppress, seeking to exclude all evidence recovered as a result of the search of the defendant's home on August 30, 2016. Dkt. No. 21. Specifically, the defendant challenged whether the affidavit supporting the search warrant of the defendant's home established probable cause that criminal evidence would be found at the target residence, or that the residence belonged to the defendant. Id. at 2-3. Judge Duffin issued a report and recommendation on April 4, 2017, dkt. no. 27, and the defendant objected on May 19, 2017. Dkt. No. 33. The

court adopts Judge Duffin's report and recommendation, and denies the motion.

I. **Factual Background**

Judge Duffin's report lays out the relevant facts. Dkt. No. 27 at 2-4. For the purposes of the motion, the relevant facts are brief: A Milwaukee police officer responding to a report of a fight saw the defendant with a gun on the ground near him. The officer asked the defendant if the gun was his; the defendant responded that it was, and that he had a permit to carry a concealed weapon. The officer also saw a clear, plastic baggie with corner cuts, containing what the officer thought looked like cocaine. It turned out that the substance was cocaine, and that the defendant was a convicted felon. Id. at 2. The issue in the motion to suppress is this: The officer who submitted the affidavit in support of the search warrant for the defendant's residence stated only that a different law enforcement agent had verified that the address to be searched was the defendant's, and that the affiant (based on his training and experience) knew that people hid guns in their residences, as well as indicia of ownership of guns. He also averred that people keep guns for long periods, and that evidence of gun possession often is found on people's cell phones. Id. at 3.

II. **Judge Duffin's Report and Recommendation**

The defendant argued to Judge Duffin that Officer Newport's affidavit (1) failed to establish probable cause that the target residence, 3284 N. Sherman Boulevard, #2 was his; and (2) that the affidavit did not contain a nexus between the criminal conduct alleged and the location to be searched. Dkt. No.

2

21 at 3. The defendant argued that these errors rendered the affidavit so facially deficient that the officers could not have relied on it in good faith. Dkt. No. 26 at 11.

Judge Duffin recounted Officer Newport's affidavit and highlighted the sections relating to the target residence. Dkt. No. 27 at 2-3. After reviewing relevant Fourth Amendment precedent, Judge Duffin concluded that the affidavit "provided the issuing judge with probable cause for concluding that [the defendant] was involved in selling drugs." Id. at 9. Judge Duffin noted that an issuing judge "'is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense[,]'" id. (quoting United States v. Jones, 763 F.3d 777, 795 (7th Cir. 2014)), and that "'in the case of drug dealers, evidence is likely to be found where the dealers live,'" id. (quoting United States v. Sewell, 780 F.3d 839, 846 (7th Cir. 2015)). He concluded that the affidavit provided probable cause for him to issue a warrant to search the defendant's residence. Id. The remaining question was whether the affidavit sufficiently established that the defendant resided at the target residence. Id.

On this question, Judge Duffin concluded that Newport's affidavit did not contain a substantial basis upon which an issuing judge could find probable cause to believe that Edwards resided at 3284 N. Sherman Boulevard, #2. Id. at 10-11. He noted that the affidavit indicated "[t]hat affiant states that Special Agent Tim Rorabeck went into 3284 North Sherman Boulevard and verified that Charles Edwards is residing in 3284 North Sherman Boulevard #2." Dkt.

3

No. 24 at 4, ¶7. The affidavit provided no information as to how agent Rorabeck verified that the defendant resided at the target residence. Id. at 10. Judge Duffin cited United States v. Roach, 582 F.3d 1192 (10th Cir. 2009) for the proposition that "'[i]t has long been established that a warrant must be supported by *facts* demonstrating probable cause, not by police summaries of what they have concluded from such facts.'" Id. at 10-11 (quoting Roach, 582 F.3d at 1203)). Judge Duffin found that Newport's affidavit "did not contain a substantial basis upon which the issuing judge could find probable cause to believe that Edwards resided at 3284 N. Sherman Boulevard, #2." Id. at 11.

Judge Duffin went on to analyze, however, whether the warrant was so lacking in probable cause that the searching officers could not reasonably have relied on it in good faith. Id. Judge Duffin pointed out that Newport's affidavit said more than "the defendant resides at 3284 N. Sherman Boulevard #2." Id. It stated that Special Agent Rorabeck had verified that the defendant lived at the target residence. Id. Judge Duffin concluded that it was "not unreasonable for an officer to believe that [Newport's] affidavit [wa]s sufficient when [Newport] state[d] that information ha[d] been verified by another officer, without articulating how the information was verified." Id. He relied on the reasoning in the Roach case, where the Tenth Circuit found that although the affidavit lacked probable cause, it nonetheless met the good faith standard of a "minimal nexus" connecting the defendant to the address. Id. (citing Roach, 582 F.3d at 1204).

In sum, while Judge Duffin found that the affidavit did not contain the substantial basis to find probable cause that the defendant resided at the relevant address, he found that the officers had a good-faith basis for relying on the warrant. Id. at 11. He recommended that this court deny the motion to suppress. Id. at 12.

III. **The Defendant's Objections**

The defendant objects to Judge Duffin's recommendation on two grounds. First, he argues that Judge Duffin improperly found that Special Agent Rorabeck had conducted "some investigation" into a connection between the defendant and the residence. Dkt. No. 33 at 2-3. The defendant argued that this conclusion was too speculative, because no specific facts in the affidavit support such an inference. Id.

Second, the defendant argues that the court should not adopt Judge Duffin's report because "Officer Newport's affidavit does not even contain hypothetical methods that Agent Rorabeck may have utilized to 'verify' [the defendant's] connection to the residence. Indeed, we do not even know whether Newport knows how Rorabeck allegedly verified this information." Id. at 5. The defendant further asserts that the "bare bones statement from Officer Newport, who has no personal knowledge, that another agent *somehow* 'verified' that Edwards lived at the residence searched . . . cannot satisfy the good faith standard of a 'minimal nexus' as was the case in Roach." Id. (emphasis in original). In short, the defendant argues that the court should find that the affidavit lacked even the minimal nexus required to meet the good-faith

5

standard, and that the searching officers were unreasonable in relying on it. Id. at 6. The defendant urges the court to suppress all evidence recovered from the search of the residence at 3284 N. Sherman Boulevard, #2. Id.

IV. **Analysis**

    A. *Probable Cause of Evidence of Drug Dealing*

The Fourth Amendment states, in relevant part, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. AMEND. IV. The Supreme Court has found this "Warrant Clause" to require three things:

> First, warrants must be issued by neutral, disinterested magistrates. Second, those seeking the warrant must demonstrate to the magistrate their probable cause to believe that the evidence sought will aid in a particular apprehension or conviction for a particular offense. Finally, warrants must particularly describe the things to be seized, as well as the place to be searched.

Dalia v. United States, 441 U.S. 238, 255 (1979) (internal citations and quotations omitted). This case concerns the second requirement—that the warrant be supported by probable cause.

In Illinois v. Gates, 462 U.S. 213, 238 (1983), the Supreme Court stated the inquiry for probable cause determinations:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply

>   to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed.

Gates, 462 U.S. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)). This court must review whether the issuing judge had a substantial basis for concluding that probable cause existed.

"When, as here, the affidavit is the only evidence presented to the warrant-issuing magistrate, 'the warrant must stand or fall solely on the contents of the affidavit.'" United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002) (quoting United States v. Roth, 391 F.2d 507, 509 (7th Cir. 1967)). A reviewing court gives "great deference" to the issuing judge, United States v. Glover, 755 F.3d 811, 816 (7th Cir. 2014); only when the affidavit "fails to allege specific facts and circumstances to allow the judge to reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated[]" should the reviewing court overrule the issuing judge's decision, Koerth, 312 F.3d at 866-67.

Given the encounter between Officer Klusmann and the defendant on August 29, 2016 (during which the officer observed the gun and the cocaine), the issuing judge had a basis to believe that the defendant was involved in dealing drugs. Seventh Circuit precedent supports the inference that evidence of drug crimes is likely to be found at the drug dealer's residence. See United States v. Sewell, 780 F.3d 839, 846 (7th Cir. 2015); United States v. Kelly, 772, F.3d 1072, 1080 (7th Cir. 2014); United Stats v. Orozco, 576 F.3d 745, 749 (7th Cir. 2009) (all finding that "in the case of drug dealers, evidence is likely to be found where the dealers live."). Based on this precedent, the court agrees

that there was probable cause to search the defendant's residence. The next question is whether there was sufficient evidence before the issuing judge to allow the conclusion that the residence identified in the warrant was the defendant's residence.

B.  *Probable Cause that the Defendant Lived at the Residence*

Paragraph seven of Officer Newport's affidavit says "[t]hat affiant states that Special Agent Tim Rorabeck went into 3284 North Sherman Boulevard and verified that Charles Edwards is residing in 3284 North Sherman Boulevard, #2." Dkt. No. 24, at 4, ¶7. The affidavit explains that an agent verified the defendant's residence, but does not identify the means he used.[1]

The court agrees with Judge Duffin that the affidavit should have laid out the facts law enforcement had collected which connected the defendant to the target residence. The affidavit did not. Judge Duffin concluded that this failure resulted in a lack of probable cause to believe that the defendant did, in fact, live at the residence. The question is a close one, but it is one this court need not answer, because the court agrees with Judge Duffin that the searching officers had a good-faith basis for relying on the affidavit.

C.  *Good-Faith Exception*

---

[1] In its brief to this court, the government states that the affidavit could have included the fact that Agent Rorabeck observed and spoke with the defendant inside of Apartment #2, and that Rorabeck verified with the property manager and through resident documents that Edwards lived in Apartment #2. See Dkt. no. 28 at 8. These assertions, however, do not aid in the court's analysis; the court examines the facts that were in front of the issuing judge at the time of the probable cause determination. See Koerth, 312 F.3d at 866 ("'the warrant must stand or fall solely on the contents of the affidavit.'" (quoting Roth, 391 F.2d at 509).

8

Even assuming the warrant did not contain probable cause to believe that the defendant lived at the residence identified in the warrant, the evidence should not be excluded if the searching officers had a good faith basis for relying on the affidavit. See United States v. Leon, 468 U.S. 897, 920-24 (1984); United States v. Searcy, 664 F.3d 1119, 1124 (7th Cir. 2011). The good-faith exception recognizes that the purpose of the exclusionary rule is to deter unlawful police conduct; thus, "'evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment.'" Leon, 468 U.S. at 919 (quoting United States v. Peltier, 422 U.S. 531, 539 (1975)). Otherwise, if the officers relied in good faith on the issuing judge's decision to issue the warrant, the court should not suppress the evidence, because "[p]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." Id. at 921. An officer's decision to obtain a warrant is *prima facie* evidence that the officer acted in good faith. United States v. Miller, 673 F.3d 688, 693 (7th Cir. 2012). Nonetheless,

> [a] defendant can defeat the good-faith exception to the exclusionary rule by showing (1) that the issuing judge abandoned the detached and neutral judicial role; (2) that the officer was dishonest or reckless in preparing the affidavit; or (3) that the warrant was so lacking in probable cause that the officer could not reasonably rely on the judge's issuance of it.

Id.

The defendant contends that the warrant was so lacking in probable cause that the searching officers could not reasonably rely on it. In considering this question, the Seventh Circuit has said:

> We will admit the evidence unless: (1) courts have clearly held that a materially similar affidavit previously failed to establish probable cause under facts that were indistinguishable from those presented in the case at hand; or (2) the affidavit is so plainly deficient that any reasonably well-trained officer 'would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant.'

Id. (quoting Malley v. Briggs, 475 U.S. 335, 345 (1986)).

The court agrees with Judge Duffin that it was not unreasonable for the searching officers to rely on the warrant. The affidavit was not "so plainly deficient that any reasonably well-trained officer would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." Koerth, at 869. The affidavit did more than merely assert that the defendant resided at the target residence; it included a statement that another law enforcement officer had gone into the location, and had verified that the defendant lived there.

The defendant cites several cases where courts have held warrants to be "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Dkt. No. 33 at 6 (citing United States v. Brown, 828 F.3d 375, 386 (6th Cir. 2016); United States v. McPhearson, 469 F.3d 518, 526 (6th Cir. 2006); and United States v. Hove, 848 F.2d 137, 140 (9th Cir. 1988)). The court does not find these cases persuasive, particularly given the fact-bound nature of the probable cause and good-faith inquiries.

10

In Brown, the police arrested the defendant and seized his car twenty-two days before they applied for a search warrant for the defendant's residence. Brown, 828 F.3d at 385. The lapse in time, together with an affidavit that made only a passing reference to Brown's car registration, led the court to conclude that the good-faith exception did not apply to the search of Brown's home. Here, Officer Newport applied for a warrant the day after Officer Klusmann arrested the defendant. See Dkt. No. 24 at 1, 3.

In McPhearson, the Sixth Circuit analyzed whether the facts of the defendant's arrest, together with the affidavit, could justify the search of the defendant's residence under the inference that the defendant was a drug dealer. 469 F.3d at 526. The police had seized crack cocaine on a search incident to arrest, but the court held the warrant insufficient because the affidavit contained no other indicia that the defendant dealt drugs. Id. at 524. Here, the officers arrested the defendant at a park near the target residence after they had observed the defendant with a gun (which he admitted was his) and a bag of cocaine containing "numerous" smaller, "corner cut" bags. Dkt. No. 24 at 3-4.

Finally, in Hove, the Ninth Circuit analyzed a warrant that, "while it set forth facts suggesting that [the defendant] had sent threatening letters, never linked [the defendant] or any suspected criminal activity in any way with the [relevant] residence." Hove, 848 F.2d at 139. Here, the defendant does not argue that the affidavit did not state any facts that would support an inference that there might be evidence of drug dealing at the defendant's residence;

rather, he contends that the assertion in the affidavit that the defendant lived at the address to be searched was conclusory. Dkt. No. 33 at 1. Given the assertion in the affidavit that an agent had gone into the residence and verified residence, the court disagrees.

In sum, the court agrees with Judge Duffin that the affidavit established a sufficient nexus between the defendant and the target residence to justify the searching officers relying on the affidavit in good faith.

V. **Conclusion**

The court **ADOPTS** the report and recommendation of Magistrate Judge Duffin. Dkt. No. 27. The court **FINDS** that the affidavit established probable cause that there would be evidence of drug dealing in the defendant's residence. The court further **FINDS** that, even if Judge Duffin is correct that the affidavit did not provide probable cause to believe that the defendant resided at the residence to be searched, the searching officers had a good-faith basis for relying on the affidavit. The court **DENIES** the defendant's motion to suppress. Dkt. No. 21.

The court will contact the parties to schedule a status conference to discuss further proceedings.

Dated in Milwaukee, Wisconsin this 10th day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**